UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

VENUS FORD OF CUDAHY, INC.,

        Plaintiff,

vs.

Case No. 08-CV-11732

HON. GEORGE CARAM STEEH

DEALER COMPUTER SERVICES, INC.,

        Defendant.
_____/

## ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

This case arises out of plaintiff Venus Ford of Cudahy, Inc.'s ("Venus Ford") motion to vacate arbitration award, which was filed in this Court against defendant Ford Dealer Computer Services, Inc. ("DCS"). Plaintiff bases this Court's subject matter jurisdiction on the Federal Arbitration Act ("FAA"), 9 U.S.C. §§ 9-10, because the contract between the parties provides that their conduct shall be "governed by the laws of the State of Michigan" and that arbitration shall occur in Detroit, Michigan. Defendant filed this motion to dismiss because there is a lack of diversity between the parties, and there is no underlying federal question to support subject matter jurisdiction.

In order to challenge an arbitrator's decision under the FAA when there is no pending proceeding in the district court, the moving party must first establish subject matter jurisdiction. The FAA does not independently confer subject matter jurisdiction on a district court. Green v. Ameritech Corp., 200 F.3d 967, 973 (6th Cir. 2000) (citations omitted). In Green, the Sixth Circuit concluded there was subject matter jurisdiction based on diversity pursuant to 28 U.S.C. § 1332. Id. The arbitration

agreement at issue in that case provided: "The award of the arbitrator shall be considered final and binding and judgment upon the award may be entered in the United States District Court for the Eastern District of Michigan, Southern Division. Any challenge to the award shall be made only for the reasons enumerated in section 10 of the Federal Arbitration Act...." The court acknowledged that the arbitration agreement recognized jurisdiction in the district court with regard to enforcement of and challenges to the arbitration award, but this was not the basis of the court's jurisdiction.

Other cases relied upon by plaintiff are also distinguishable. In Smith Hammond Piping Co. v. Travelers Casualty and Surety Co. of America, 2007 U.S. Dist. LEXIS 19272 (W.D. Mich. March 19, 2007), the parties' contract provided "the award rendered by the arbitrator(s) shall be final and binding and judgment may be entered upon it in accordance with applicable law in any court having jurisdiction." Id. at *4. Contrary to plaintiff's argument, this was not the basis of the court's subject matter jurisdiction. The underlying petition in Smith Hammond Piping Co. was brought under the Miller Act, which provides a federal right of action on the payment bond to unpaid federal government contractors that construct public buildings. The court's federal question subject matter jurisdiction was provided by the Miller Act, not the Federal Arbitration Act, and not the language in the parties' agreement to arbitrate.

Similarly, in Barcume v. City of Flint, 132 F.Supp.2d 549 (E.D. Mich. 2001), the court's federal question jurisdiction was based on plaintiff's underlying Complaint, which contained causes of action under the Civil Rights Act (42 U.S.C. §§ 1983 and 1985(3)) and the Labor Management Relations Act (29 U.S.C. § 185).

The agreement entered by the parties in this case provides that arbitration shall occur in Detroit, Michigan, and that "judgment upon the award rendered by the arbitrator or arbitration panel may be entered in any court having jurisdiction." This language is not a grant of jurisdiction to this federal district court. The moving party must establish subject matter jurisdiction independent of the parties' agreement. The underlying Complaint in this matter asserted a breach of contract, a state law cause of action. Because there is no federal question jurisdiction and no diversity jurisdiction, this Court lacks the necessary subject matter jurisdiction to entertain the motion to vacate arbitration award. Now, therefore,

IT IS HEREBY ORDERED that defendant's motion to dismiss for lack of subject matter jurisdiction is GRANTED.

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

Dated: June 16, 2008

CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record on June 16, 2008, by electronic and/or ordinary mail.

s/Josephine Chaffee
Secretary/Deputy Clerk